# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | | |
|---|---|---|
| MARK A. McCLARY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-1394 |
| | ) | |
| ROBERT HUSTON, NURSE RENEE | ) | |
| ALEXANDER, NURSE JESSICA BONNETTE, | ) | |
| OFFICER MICHELE MORETTO, OFFICER | ) | |
| DAWN HOSTETLER, DR. VIPIN SHAH, | ) | |
| | ) | |
| Defendants. | ) | |

## **OPINION**

Plaintiff, proceeding *pro se*, was housed at Tazewell County Justice Center at all times relevant to this cause of action.  He pursues claims of deliberate indifference to his serious medical conditions and unconstitutional conditions of confinement.   Now before this Court are Defendants Alexander's, Bonnette's, and Dr. Shah's Motions for Summary Judgment, which will be granted in part and denied in part for the reasons below.[1]

## **SUMMARY JUDGMENT STANDARD**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A movant may demonstrate the absence of a material dispute through specific cites to admissible evidence, or by showing that the nonmovant "cannot produce admissible evidence to support the [material] fact."  Fed. R. Civ. P. 56(c)(1)(B).  If the movant clears this

---

[1] Defendant Dr. Shah filed his Motion for Summary Judgment [d/e 31], adopting Defendants Alexander's and Bonnette's Motion for Summary Judgment, their Memorandum of Law, and Reply Brief (including exhibits) [d/e 23, 29].  The Court therefore cites only Defendants Alexander's and Bonnette's Motion for Summary Judgment, Memorandum, and Reply throughout the instant Opinion.

1

hurdle, the nonmovant may not simply rest on his or her allegations in the complaint, but instead must point to admissible evidence in the record to show that a genuine dispute exists. *Id.*; *Harvey v. Town of Merrillville*, 649 F.3d 526, 529 (7th Cir. 2011). "In a § 1983 case, the plaintiff bears the burden of proof on the constitutional deprivation that underlies the claim, and thus must come forward with sufficient evidence to create genuine issues of material fact to avoid summary judgment." *McAllister v. Price*, 615 F.3d 877, 881 (7th Cir. 2010).

At the summary judgment stage, evidence is viewed in the light most favorable to the nonmovant, with material factual disputes resolved in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute of material fact exists when a reasonable juror could find for the nonmovant. *Id.*

**FACTS**

Plaintiff filed his Complaint on October 25, 2011. He says that he suffers from Rheumatoid Arthritis (RA). Prior to entering the Tazewell County Justice Center (Justice Center), he says that he was prescribed Enbrel shots for his RA and underwent foot surgery and received a custom-made foot brace. (Am. Compl. at p. 3). He says that after about one month at the Justice Center, Plaintiff stopped receiving his Enbrel shots. (Am. Compl. at p. 4). He also says that he suffered from an abscessed tooth, that no dentist was available at the Justice Center the whole time he was there, and that he made several requests for help while at the Justice Center and did not get help or needed treatment while there. (Compl. at p. 7). The Justice Center medical records relating to Plaintiff reflect that he was treated at the Center from March 31, 2008 to October 15, 2008, and then again from March 9, 2009 to September 14, 2009. (Dfts' MSJ Exh. A; Dfts' Reply Exhs. A1-A7). In the intervening period of time, October 2008 to March 2009, Plaintiff was at the Alton Mental Health Center (Alton Center). (Plf's Response

Exh. A; Dfts' Reply Exhs. A1, A4, A5). During his first time at the Justice Center between March and October 2008, Plaintiff complained of arthritis and that his teeth were falling out on April 3, 2008, was seen by a physician on April 25, 2008, and received pain medication. (Dfts' MSJ Exh. A, Dfts' Reply Exh. A1). Plaintiff was again seen by a physician on May 16, 2008, and was given the pain reliever Gabapentin. (Dfts' Reply Exh. A2). On July 18, 2008, Plaintiff again saw a physician for his complaints of pain and RA, and was prescribed the pain reliever Motrin. (Dfts' Reply Exh. A3). While at the Alton Center, Plaintiff received a foot brace and medication. (Plf's Response at p. 3, ¶ 3). When Plaintiff returned to the Justice Center, he possessed a bag of medications with an Alton Center label. (Dfts' Reply Exh. A5). On March 23, 2009, Plaintiff asked medical staff why he was not receiving all of his medication, in response to which he was advised that he was recently seen by a physician who discontinued the medications. (Dfts' Reply Exh. A6). On September 14, 2009, Plaintiff was given a dental screening and the general condition of his teeth and gums were designated "okay." (Dfts' Reply Exh. A7). Plaintiff was released from the Justice Center on November 5, 2009. (Plf's Response at p. 3, ¶ 3; Dfts' Reply at p. 3 n. 1).

## ANALYSIS

Defendants argue that Plaintiff's claims for deliberate indifference to his serious medical condition of RA and deliberate indifference to his serious medical condition of an abscessed tooth are barred by the statute of limitations. Specifically, Defendants argue that given the dates of Plaintiff's medical treatment at the Justice Center, the latest of which was September 14, 2009, his October 25, 2011 Complaint is untimely under the applicable statute of limitations. Plaintiff argues that his Complaint is timely by reason of the continuing violation doctrine, as his injuries occurred in a series over a period of time until he was released from the Justice Center

on November 5, 2009. Defendants counter that the continuing violation doctrine does not apply in this case because Plaintiff knew or should have known of the existence of a cause of action prior to his release from the Justice Center.

A lawsuit pursuant to §1983 is subject to the statute of limitations governing personal injury claims in the state where the alleged injury occurred. *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992) (citing *Wilson v. Garcia*, 471 U.S. 161, 279 (1985)). The applicable statute of limitations in Illinois is two years. *See Farrell v. McDonough*, 966 F.2d 279, 280-82 (7th Cir. 1992). While state law determines the length of the statute of limitations period, federal law determines when a §1983 claim accrues. *Hileman v. Maze*, 367 F.3d 694, 696 (7th Cir. 2004) (internal citations omitted). Generally, a plaintiff's claim accrues when the he or she knows or has reason to know of the injury which is the basis of the action. *Id*.

In *Heard v. Sheahan*, the Seventh Circuit considered when a claim of deliberate indifference to a prisoner's serious medical need accrued for purposes of the statute of limitations. 253 F.3d 316, 317-18 (7th Cir. 2001). There, the plaintiff's suit charged that the defendants inflicted cruel and unusual punishment on him by refusing to treat his condition. *Id*. at 318. The Seventh Circuit explained that the refusal continued for as long as the defendants had the power to do something about the plaintiff's condition, that is, until he left the jail. *Id*. Further, "Every day that [the defendants] prolonged his agony by not treating his painful condition marked a fresh infliction of punishment that caused the statute of limitations to start running anew." *Id*. Thus, under *Heard* and cases applying it, a prisoner's claim of deliberate indifference to his serious medical need accrues upon his receipt of treatment for his condition, or his departure from the place where he has continuously been refused treatment. *Id*.; *Jervis v. Mitcheff*, 258 F. App'x 3, 5-6 (7th Cir. 2007) ("Deliberate indifference to a serious medical need

is a continuing violation that accrues when the defendant has notice of the untreated condition and ends only when treatment is provided or the inmate is released."); *Watkins v. Ghosh*, 2011 WL 5981006, at *3 (N.D. Ill. Nov. 28, 2011) (providing that the continuing violation accrues upon treatment or release from custody).

While Defendants' argument that the continuing violation doctrine does not apply in this case is somewhat compelling, the case law does not in fact support their argument. *Heard* is very clear on the question of when a prisoner's deliberate indifference to serious medical needs claim accrues: it accrues when he receives treatment or when he is released from the custody of those have been refusing to do something about the condition. Defendants have not provided, nor has the Court found any case law within the Seventh Circuit supporting Defendants' position in the context of a prisoner's claim of deliberate indifference to his serious medical needs. The Northern District of Illinois case cited by Defendants, *Hill v. Godinez*, 955 F. Supp. 945, 950-51 (N.D. Ill. 1997), predates *Heard*. Notably, if the Court were to follow Defendants' logic as to why the continuing violation doctrine does not apply in this case, the Court would be disregarding that part of the *Heard* opinion which provided that, "[I]t would impose an unreasonable burden on the courts to entertain an indefinite number of suits and apportion damages among them." *Heard*, 253 F.3d at 320.

Here, the evidence shows that during the time Plaintiff was first at the Justice Center between March and October 2008, he was seen and provided some type of treatment (in the form of medication) for his RA on various occasions. The evidence also shows that on October 15, 2008, Plaintiff was transferred from the Justice Center to the Alton Center. Under the authority of *Heard*, Plaintiff's claims of deliberate indifference to his serious medical condition of RA predating October 15, 2008 are barred by the statute of limitations. The Court finds fatal to

Plaintiff's claims predating October 15, 2008 both the fact that he received treatment for the RA pain he complained of on various occasions, and that he was transferred from the Justice Center on that date. There is no evidence whatsoever in the record that Defendants could have somehow caused staff at the Alton Center to refuse Plaintiff treatment; indeed, Plaintiff states that he did receive Enbrel shots and a foot brace while at the Alton Center. (Plf's Response at p. 3, ¶ 3). Defendants' Motions for Summary Judgment are therefore granted in regard to Plaintiff's deliberate indifference to his serious medical condition of RA claim that predates October 15, 2008. Those deliberate indifference claims that predate October 15, 2008 are accordingly dismissed.

Defendants' Motions for Summary Judgment are denied as to Plaintiff's claims of deliberate indifference to his serious medical condition of RA that arise from his time at the Justice Center between March 9, 2009 and November 5, 2009. While Defendants have provided evidence that Plaintiff's inquiries into why he was not receiving all of the medication he received at the Alton Center did not go unanswered, at this stage, a genuine issue of material fact remains as to whether Plaintiff was refused treatment for his RA between March 9, 2009 and November 5, 2009 by Defendants. *See Watkins*, 2011 WL 5981006, at *3 (plaintiff sufficiently alleged the medical defendants engaged in a continuing violation of his Eighth Amendment rights where he was only sent to a medical center for a diagnostic exam rather than treatment and where the defendants were aware that he suffered from a herniated disk). Consequently, Defendants are not entitled to summary judgment on the basis of the statute of limitations on Plaintiff's claim of deliberate indifference for the time period of March 9, 2009 through November 5, 2009.

As for Plaintiff's claim of deliberate indifference to his serious medical condition of an abscessed tooth, that claim is completely barred by the statute of limitations. Plaintiff has

provided no evidence that he continued to complain of teeth problems during his time at the Justice Center between March 9, 2009 and November 5, 2009.  In fact, the March 9, 2009 Tazewell County Screening Summary indicates "NO" next to Question 23, "Dental Problems?" (Dfts' Reply Exh. A5).  An earlier Tazewell Screening Summary for Plaintiff, dated April 3, 2008, indicates "YES . . . TEETH FALLING OUT" next to Question 23, "Dental Problems?" (Dfts' Reply Exh. A1).  Therefore, Defendants' Motions for Summary Judgment are granted as to Plaintiff's claim of deliberate indifference to his serious medication condition of an abscessed tooth and that claim is therefore dismissed.

**IT IS THEREFORE ORDERED:**

> **Defendants Alexander's, Bonnette's, and Dr. Shah's Motions for Summary Judgment are GRANTED IN PART AND DENIED IN PART [d/e 23, 31]. Defendants' Motions are granted as to Plaintiff's claim of deliberate indifference to his serious medical condition of RA that predate October 15, 2008.  Defendants' Motions are granted as to the entirety of Plaintiff's claim of deliberate indifference to his serious medical condition of an abscessed tooth.  Defendants' Motions are denied as to Plaintiff's claims of deliberate indifference to his serious medical condition of RA arising from his time at the Justice Center between March 9, 2009 and November 5, 2009.  Only those claims of deliberate indifference to Plaintiff's serious medical condition of RA arising between March 9, 2009 and November 5, 2009 remain.**

ENTERED this 26th day of October, 2012.

> s/ Joe Billy McDade
> ———————————————————
> JOE BILLY McDADE
> UNITED STATES DISTRICT JUDGE

7