UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| MARK A. McCLARY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-1394 |
| | ) | |
| ROBERT HUSTON, NURSE RENEE ALEXANDER, NURSE JESSICA BONNETTE, OFFICER MICHELE MORETTO, OFFICER DAWN HOSTETLER, DR. VIPIN SHAH, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**OPINION**

Plaintiff, proceeding *pro se*, was housed at Tazewell County Justice Center at all times relevant to this cause of action. He pursues claims of deliberate indifference to his serious medical conditions and unconstitutional conditions of confinement. Now before this Court is Defendants Huston's, Hostetler's, and Moretto's Motion for Summary Judgment [d/e 46], which will be denied for the reasons below.

**SUMMARY JUDGMENT STANDARD**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A movant may demonstrate the absence of a material dispute through specific cites to admissible evidence, or by showing that the nonmovant "cannot produce admissible evidence to support the [material] fact." Fed. R. Civ. P. 56(c)(1)(B). If the movant clears this hurdle, the nonmovant may not simply rest on his or her allegations in the complaint, but instead must point to admissible evidence in the record to show that a genuine dispute exists. *Id.*; *Harvey v. Town of Merrillville*, 649 F.3d 526, 529 (7th Cir. 2011). "In a § 1983 case, the

1

plaintiff bears the burden of proof on the constitutional deprivation that underlies the claim, and thus must come forward with sufficient evidence to create genuine issues of material fact to avoid summary judgment." *McAllister v. Price*, 615 F.3d 877, 881 (7th Cir. 2010).

At the summary judgment stage, evidence is viewed in the light most favorable to the nonmovant, with material factual disputes resolved in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute of material fact exists when a reasonable juror could find for the nonmovant. *Id.*

## FACTS

Plaintiff filed his original Complaint on October 25, 2011. In its January 12, 2012 Merit Review and Case Management Order, the Court found that Plaintiff should be allowed to proceed with some of the claims stated in his first Amended Complaint, and ultimately determined that Plaintiff's surviving three claims included one against Defendants Huston and Placement Officer John Doe (subsequently identified as Defendants Hostetler and Moretto) that these Defendants subjected Plaintiff to unconstitutional conditions of confinement based upon his arthritic condition. *See* 1/12/2012 Merit Review and Case Management Order. Plaintiff says that he suffers from Rheumatoid Arthritis (RA). (Plf's Second Am. Compl. p. 3). In his First Amended Complaint, Plaintiff alleged that the Jail did not allow detainees to get under their covers during the daytime, that the cells were extremely cold, and that the refusal of Plaintiff's requests to cover up caused Plaintiff to severely suffer given his RA. (Plf's First Am. Compl. pp. 6-7). He also alleged that the John Doe Placement Officer placed Plaintiff on the second floor of the Jail in 2008 knowing Plaintiff had a disability in that he had severe RA. (Plf's First Am. Compl. p. 7).

Plaintiff was originally housed at the Tazewell County Jail from March 21, 2008 to October 15, 2008. (Dfts' MSJ, UMF #1). He was again housed at the Tazewell County Jail from March 9, 2009 to November 5, 2009. (Dfts' MSJ, UMF #4, 6). In the intervening period of time, October 2008 to March 2009, Plaintiff was at the Alton Mental Health Center. (Dfts' MSJ, UMF #3). Plaintiff was released from the Justice Center on November 5, 2009. (Dfts' MSJ, UMF #). Plaintiff was placed in various locations in the Tazewell County Jail during his time there the first time in 2008 and then again in 2009. (Dfts' MSJ, Hostetler Aff.; Moretto Aff.). On March 19, 2009, Plaintiff was assigned to C Pod at the Jail in a lower bunk and remained in that location until he was released to the Illinois Department of Corrections on November 5, 2009. (Dfts' MSJ, UMF #5).

## ANALYSIS

Defendants argue that Plaintiff's conditions of confinement claim is barred by the statute of limitations. Specifically, Defendants argue that Plaintiff's claim would have accrued in 2008 because that was the first point in time that he was assigned housing at the Jail and thus, that was the time he had reason to know of the alleged injury giving rise to this suit. Defendants additionally argue that even if the date of accrual for statute of limitations purposes was determined to be the last time Plaintiff's housing assignment was changed by jail staff, the date of accrual would have been March 19, 2009, making his October 25, 2011 filing outside the limitations period.

In his Opposition to the Remaining Defendants' Motion for Summary Judgment [d/e 54], Plaintiff's argument, on the whole, has no application to Defendants' Motion. His argument pertains to his claims of deliberate indifference to his serious medical conditions and whether the continuing violations doctrine tolled the statute of limitations as to those claims. The Court

previously addressed the question of whether those claims were barred by the statute of limitations.  *See* Court's 10/29/2012 Opinion, Document 42.  However, in his Affidavit attached to his Opposition, Plaintiff states that, "my request to be aloud [sic] to get under my covers or to be moved some where the cell wasn't extremely cold to both placement officers was denied [sic].  I continued to seek help until I left in November 5, 2009."

A lawsuit pursuant to §1983 is subject to the statute of limitations governing personal injury claims in the state where the alleged injury occurred.  *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992) (citing *Wilson v. Garcia*, 471 U.S. 161, 279 (1985)).  The applicable statute of limitations in Illinois is two years.  *See Farrell v. McDonough*, 966 F.2d 279, 280-82 (7th Cir. 1992).  While state law determines the length of the statute of limitations period, federal law determines when a §1983 claim accrues.  *Hileman v. Maze*, 367 F.3d 694, 696 (7th Cir. 2004) (internal citations omitted).  Generally, a plaintiff's claim accrues when the he or she knows or has reason to know of the injury which is the basis of the action.  *Id*.

"For continuing Eighth Amendment violations, the two-year period starts to run (that is, the cause of action accrues) from the date of the last incidence of that violation, not the first." *Turley v. Rednour*, --- F.3d ---, 2013 WL 3336713, at *3 (7th Cir. July 3, 2013) (citing *Heard v. Sheahan*, 253 F.3d 316, 317-18 (7th Cir. 2001)).  In *Heard*, the plaintiff's suit charged that the defendants inflicted cruel and unusual punishment on him by refusing to treat his condition.  253 F.3d at 318.  The Seventh Circuit explained that the refusal continued for as long as the defendants had the power to do something about the plaintiff's condition, that is, until he left the jail.  *Id*.  In *Turley*, the prisoner alleged that prison officials repeatedly imposed lockdowns for improper purposes, and with each period of lockdown, his injuries increased.  2013 WL 3336713, at *4.  The Seventh Circuit explained that the statute of limitations on the prisoner's

Eighth Amendment conspiracy complaints began running from the last date of lockdown and so the prisoner was within the two-year statute of limitations. *Id*. The Seventh Circuit alternatively found that the prisoner's claims could also be tolled under the continuing violation doctrine given that his case focused on the "cumulative impact of numerous imposed lockdowns." *Id*.

Defendants do not address the continuing violation doctrine and instead take the position, as discussed above, that the definitive accrual date here was the first point in time Plaintiff was assigned housing at the Jail or was the last time he was assigned housing at the Jail. However, Defendants' position takes too limited a view of the allegations forming the basis of Plaintiff's conditions of confinement claim. Had Plaintiff limited his conditions of confinement claim to allegations that the specific act of assignment or his specific placement was unconstitutional, the claim would be barred by the two-year statute of limitations for the reasons set forth by Defendants. Indeed, the statute of limitations bars Plaintiff's conditions of confinement claim to the extent it is based upon his allegations that the placement decisions, themselves, were unconstitutional. But Plaintiff's conditions of confinement claim is also based upon allegations that his requests to cover up during the daytime were refused so that given his RA, he suffered severely from the cold. Plaintiff clarified as much during his deposition where he stated that part of his claim was "the fact that [he] be allowed to get under the covers for the, you know . . . [d]uring the daytime." (Dfts' MSJ; Plf's Dep. p. 61-62).

Considering the evidence in this case in light of both *Heard* and *Turley*, the Court finds that Plaintiff's conditions of confinement claim, insofar as it is based upon allegations that he was not permitted to get under his covers so that he suffered from severe cold which then exacerbated his RA, is not barred by the statute of limitations. Defendants' Motion for Summary Judgment is accordingly denied.

**IT IS THEREFORE ORDERED:**

**Defendants Huston's, Hostetler's, and Moretto's Motion for Summary Judgment is DENIED [d/e 46].**

ENTERED this 7th day of August, 2013.

                                                s/ Joe B. McDade
                                    _____
                                               JOE BILLY McDADE
                                   UNITED STATES DISTRICT JUDGE